IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

| | | |
|---|---|---|
| **GARY DEE ALLEN HILEMAN** | * | |
| **&** | * | |
| **SARAH LYNN HILEMAN,** | * | |
| Plaintiffs, | * | Civil Action No.: |
| v. | * | |
| **GENERAL MOTORS LLC,** | * | |
| Defendant. | * | |
| Please Serve:<br>Corporation Service Company<br>100 Shockoe Slip, FL 2<br>Richmond, VA 23219 | * | |

## COMPLAINT

Now into Court, through undersigned counsel, comes the Plaintiffs, Gary Dee Allen Hileman and Sarah Lynn Hileman and moves the Court for judgment against Defendant General Motors LLC on the basis of the following facts and laws:

## JURISDICTION

1. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code §1331. The Plaintiffs assert a claim pursuant to the

Magnuson-Moss Warranty Act, 15 U.S. Code §§2301-2312. The amount in controversy exceeds $50,000.00.

2. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code §1332, Plaintiffs are citizens of Chesapeake, Virginia, and Defendant General Motors LLC is a corporation organized under the laws of Delaware with a principal place of business in Detroit, Michigan. The amount in controversy exceeds $75,000.00.

## VENUE

3. Venue in this Honorable Court is proper pursuant to 28 U.S. Code §1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claim occurred. Venue in the Norfolk Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

**4.** On January 11, 2026, the Plaintiffs purchased a 2026 GMC 1500, VIN: 1GTUUGELXTZ241159, for $77,647.68 from Southern Buick GMC Virginia Beach in Virginia Beach, Virginia. Southern Buick GMC Virginia Beach is an authorized dealer of Defendant General Motors LLC for sales and warranty service repair. At the time of purchase, the Subject Vehicle had an odometer reading of 48.

**5.** The Subject Vehicle was manufactured and/or distributed by the Defendant General Motors LLC.

**6.** The Subject Vehicle came with a 3-Years/36,000-Miles Bumper-to-Bumper Limited Warranty. By extension of law this included an implied Warranty of Merchantability.

**7.** On July 02, 2026, Plaintiffs took the Subject Vehicle to Southern Buick GMC Kia Virginia Beach for warranty service and repair. The Subject Vehicle was towed into the repair facility because the vehicle "*unable to shift.*" Additionally, the Subject Vehicle showed a warning message to "*service transmission*" soon. Technicians at Southern Buick verified the concern and replaced the gear shift control module. The Subject Vehicle was in the shop for twelve days.

**8.** On October 06, 2026, the Subject Vehicle once again displayed the "*service transmission*" message. The Subject Vehicle then shifted to neutral on its own and lost propulsion. The Plaintiffs took the Subject Vehicle to Southern Buick GMC Kia Virginia Beach for warranty service and repair. As of the drafting of this Complaint, the Subject Vehicle has been in the shop for twenty-four days. The current shop visit is ongoing.

**9.** Despite multiple repair attempts spanning significant periods, the Plaintiffs continue to experience unresolved warranty defects with the vehicle, resulting in a cumulative total of 36 days out of service and counting. This prolonged period of non-conformance has caused significant inconvenience and has not been resolved satisfactorily under the warranty terms.

## COUNT ONE

## VIOLATION OF THE MOTOR VEHICLE WARRANTY ENFORCEMENT ACT VIRGINIA CODE § 59.1-207.11 ET SEQ. *"LEMON LAW"*

10. The facts alleged in Paragraphs 1-9 are re-pled and incorporated herein by reference.

11. The Plaintiffs are consumers as defined by the Virginia Motor Vehicle Warranty Enforcement Act (hereafter referred to as the *"Virginia Lemon Law"*) Virginia Code §59.1-207.11 et seq. Defendant General Motors LLC is a manufacturer as defined by Virginia Code §59.1-207.11 et seq and received due notice under the same statute.

12. In enacting the Virginia Lemon Law, the Virginia General Assembly recognized that *"a motor vehicle is a major consumer purchase, and there is no doubt that a defective motor vehicle creates a hardship for the consumer."* Virginia Code §59.1-207.10. as such, it was *"the intent of the General Assembly that a good faith motor vehicle warranty complaint by a consumer should be resolved by the manufacturer, or its agent, within a specified period of time."* Id. Plaintiff's defective motor vehicle has in fact, created a serious hardship for the Plaintiffs and Defendant has failed to resolve the warranty defects despite multiple good faith attempts by the Plaintiffs.

13. The Virginia Lemon Law requires a manufacturer to conform the motor vehicle to all applicable warranties that are provided to the consumer. See, Virginia. Code §59.1-207.12. The Virginia Lemon Law further states that *"[i]f the manufacturer, its agents or authorized dealers do not conform the motor vehicle to any applicable warranty by repairing or correcting any defect or condition, including*

*those that do not affect the drivability of the motor vehicle, which significantly impairs the use, market value, or safety of the motor vehicle to the consumer after a reasonable number of attempts during the Lemon Law rights period, the manufacturer shall: (1) replace the motor vehicle with a comparable motor vehicle acceptable to the consumer, or (2) accept return of the motor vehicle and refund the consumer, lessor, and any lienholder as their interest may appear the full contract price, including all collateral charges, incidental damages, less a reasonable allowance for the consumer's use of the vehicle up to the date of the first notice of nonconformity that is given to the manufacture, its agents or authorized dealer."* See, Virginia. Code §59.1-207.13(A).

14. Virginia Code §59.1-207.13(B)(2) states that if the nonconformity or defect is a serious safety defect and has been subject to repair one or more times by the manufacturer, its agents or its authorized dealers and the same nonconformity continues to exist it is presumed the vehicle has been subject to repair a reasonable number of times and the motor vehicle is significantly impaired and unfit, unreliable, and unsafe for ordinary use or reasonable intended purposes. The Plaintiff's vehicle qualifies for this presumption.

15. Defendant General Motors LLC has been unable to repair Plaintiff's vehicle after a reasonable number of repair attempts. Specifically, Virginia Code §59.1-207.13(B)(3) provides that "*It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the*

*consumer… the motor vehicle is out of service due to repair for a cumulative total of thirty calendar days, unless such repairs could not be performed because of conditions beyond the control of the manufacturer, its agents or authorized dealers, including war, invasion, strike, fire, flood, or other natural disasters."* The Plaintiff's vehicle has been out of service for more than 30 days and is therefore presumed to have been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value, and safety.

16. The Plaintiffs seek to recover as damages for the total delivered price of $77,647.68, all collateral charges, finance charges, incidental damages, monetary consequential damages, rescission of the contract, compensation in the amount of $20,000 for inconvenience and loss of use, reasonable attorney's fees at a rate of $750.00 per hour or one-third of whatever is recovered, whichever is greater, and all other relief law and equity may provide. See, Virginia Code §59.1-207.14.

**COUNT TWO**

**MAGNUSON-MOSS WARRANTY ACT**

17. The facts alleged in Paragraphs 1-9 are incorporated herein by reference.

18. The Plaintiffs are consumers as defined in 15 U.S. Code §2301(3). Defendant is a supplier and warrantor as defined in 15 U.S. Code §2301(1).

19. The vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiff as a part of the purchase as those warranties met the definition of written

warranty and implied warranty as contained in 15 U. S. Code §2301 (6)(7), respectively.

20. The Limited Warranty has failed its essential purpose, and the Defendant has violated the Act due to its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code §2304(a)(1) and (4).

21. Defendant has also breached its implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used. 15 U.S. Code §2308, 2310(d).

22. Based on the foregoing, pursuant to 15 U.S.C 2310 en toto, and especially 15 U.S.C. 2310 (d). Plaintiff moves the Court for all monetary, legal, and equitable relief as allowed by law.

WHEREFORE, Plaintiffs Gary Dee Allen Hileman and Sarah Lynn Hileman moves the Court for judgement against Defendant General Motors LLC in the amount of the purchase price of the Subject Vehicle $77,647.68, as well as all incidental costs, compensation in the amount of $20,000.00 for inconvenience and loss of use, interest payments, reasonable attorney fees in the amount of $750.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre-judgement interest running from the date of the first repair attempt, post-judgement interest, court costs, and all other damages, equity and/or law may seem meet.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,

**GARY LEE ALLEN HILEMAN**

**&**

**SARAH LYNN HILEMAN,**

By: /s/ James B. Feinman, Esq

Of counsel

James B. Feinman, Esq., (VSB # 28125)
James B. Feinman, Attorney at Law
P.O. Box 697
Lynchburg, VA 24505
(434) 846-7603 - phone
(434) 846-0158 - fax
jb@jfeinman.com
*Counsel for Plaintiffs*